**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD ROUNDTREE,

        Petitioner,

    v.

GAIL LEWIS, Warden,

        Respondent.

No. C 03-3151 PJH (PR)

**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. The case is ready for decision.

**BACKGROUND**

On December 22, 1998, a twenty-seven count information was filed against petitioner, to which he pled not guilty in Santa Clara County Superior Court. On March 22, 1999, petitioner changed his plea to nolo contendere, or no contest, to seven counts of second degree robbery, eight counts of false imprisonment, and one count of threatening to commit a crime resulting in death or great bodily injury. He also pled no contest to allegations that he was armed with a firearm in connection with eight counts (Cal. Penal Code § 12022(a)(1)), that he personally used a firearm in connection with seven counts (Cal. Penal Code § 12022.5(a); Cal. Penal Code § 12022.53(b)), and that he used a firearm in connection with six counts (Cal. Penal Code § 1203.06). In addition, petitioner pled no contest to two prior felony convictions. On July 20, 1999, the court sentenced him to a state prison term of fifty years to life pursuant to the California "Three-Strikes" law.

The California Court of Appeal, Sixth Appellate District, affirmed petitioner's convictions and sentence. Petitioner's subsequent petition for a writ of habeas corpus was denied in a reasoned opinion by the Santa Clara County Superior Court, and denied summarily by the California Supreme Court.

As grounds for habeas relief, petitioner asserts that: (1) his plea was not knowing and intelligent and was induced by ineffective counsel; (2) his counsel was ineffective in advising him to plead no contest and to seek relief later under a state case allowing a prior conviction to be stricken in the interest of justice; (3) his counsel was ineffective in failing to apprise him of the elements of vicarious arming.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The

2

1  federal court on habeas review may not issue the writ "simply because that court concludes
2  in its independent judgment that the relevant state-court decision applied clearly
3  established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must
4  be "objectively unreasonable" to support granting the writ. *Id.* at 409.

5  Factual determinations by state courts are presumed correct absent clear and
6  convincing evidence to the contrary." *Miller-El*, 123 S. Ct. at 1041. This presumption is not
7  altered by the fact that the finding was made by a state court of appeals, rather than by a
8  state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d
9  1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present
10 clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness;
11 conclusory assertions will not do. *Id.*

12 Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual
13 determination will not be overturned on factual grounds unless objectively unreasonable in
14 light of the evidence presented in the state-court proceeding." *Miller-El*, 123 S. Ct. at 1041;
15 *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

16 When there is no reasoned opinion from the highest state court to consider the
17 petitioner's claims, the court looks to the last reasoned opinion, in this case that of the
18 Santa Clara County Superior Court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06
19 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**DISCUSSION**

21 *1.    Plea of No Contest*

22 Petitioner claims that, due to ineffective assistance of counsel, his plea was not
23 knowing and intelligent. Under California law, petitioner's plea of nolo contendere, or no
24 contest, has the same effect as a guilty plea. *See* Cal. Penal Code § 1016; *Phillips v.*
25 *Attorney General of the State of California*, 594 F.2d 1288, 1290 (9th Cir. 1979). Therefore,
26 the Court applies federal law regarding guilty pleas to petitioner's claims concerning his
27 plea of no contest. *See Miller v. McCarthy*, 607 F.2d 854, 856 (9th Cir. 1979).

28 Due process requires that a guilty plea, and by extension a plea of no contest, be

3

both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was ineffective. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

In order to establish ineffective assistance of counsel, petitioner must satisfy the two-prong test set forth in *Strickland v. Washington.* 466 U.S. 668, 687 (1984); *Hill*, 474 U.S. at 58. The first prong requires petitioner to show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. The standard for deficient performance is whether the advice regarding the guilty plea "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The second prong of the *Strickland* test requires petitioner to show that counsel's errors prejudiced the plea process. *Strickland*, 466 U.S. at 688. The standard for prejudice is whether "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner alleges several facts in support of his claim that counsel's performance was deficient. Petitioner asserts that counsel first approached him regarding a plea on the day that trial was scheduled to begin, without any prior warning that a plea was being discussed with the prosecution. It was then, petitioner contends, that counsel told him that most of the charges could likely be defeated at trial, but in order to establish his innocence petitioner would have to take the stand and would be subject to cross-examination regarding his prior convictions. Petitioner claims that counsel advised him that his prior convictions would prejudice the jury against him, making his chance for acquittal slight, and that if he pled no contest his sentence would likely be only six to twelve years in prison. According to petitioner, counsel's advice was inaccurate and led him to plead no contest without full knowledge of his rights and of the trial process, and absent counsel's advice

4

1  petitioner would have proceeded to trial.

2  Despite petitioner's contentions regarding the effect of counsel's advice, there is
3  evidence on the record that petitioner was fully aware of the consequences of his plea.
4  Before petitioner entered his plea at the change of plea hearing, the trial judge explicitly
5  asked him several questions to ensure his full understanding.  Petitioner answered "yes" to
6  each of the following questions: whether he had discussed the disposition of his case with
7  his lawyer, whether he understood his plea and the rights that he forfeited by pleading no
8  contest, and whether he understood that he would be eligible for a sentence of 441 years.
9  Ex. F at 3-6 (Reporter's Transcript).  In addition, petitioner stated on the record that no
10 promise or threat had been made to cause him to plead no contest.  *Id.* at 5.  The record
11 provides evidence that petitioner's plea was in fact knowing and intelligent, undermining
12 petitioner's claim that counsel's advice rendered his plea invalid.

13 Furthermore, petitioner does not offer any evidence beyond the allegations in his
14 petition and traverse to counter the evidence in the record.  Petitioner bears the burden of
15 proof on the issue of deficient performance, and must offer evidentiary support in order to
16 meet this burden.  *See Toomey v. Bunnell*, 898 F.2d 741, 743 (9th Cir. 1990); *see also*
17 *Rios v. Rocha*, 299 F.3d 796, 813 n.23 (9th Cir. 2002) (rejecting two ineffective assistance
18 of counsel claims based on petitioner's failure to produce evidence of prejudice).  Since
19 petitioner has not offered any evidentiary proof, and there is evidence on the record that his
20 plea was knowing and voluntary, he has not met his burden on the first prong of the
21 *Strickland* test.[1]

---

23 [1] In the conclusion of his traverse petitioner asks that the court grant the petition and "grant Petitioner an Evidentiary Hearing on the matter . . . ."  He provides no basis for the
24 request for an evidentiary hearing.
   A district court may not hold an evidentiary hearing on a claim for which the petitioner
25 failed to develop a factual basis in state court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to
26 cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would
27 be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28
28 U.S.C. § 2254(e)(2).  Petitioner has not shown that he did not fail to make a factual record on

5

Even if the facts alleged by petitioner were taken as true, they do not establish deficient performance. By itself, an inaccurate prediction as to the likely sentence does not constitute ineffective assistance. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Only a "gross mischaracterization of the likely outcome... combined with the erroneous advice on the possible effects of going to trial" would be enough to establish deficient performance. *Id.* Petitioner alleges that counsel predicted petitioner would receive a sentence of six to twelve years when he actually received a sentence of fifty years to life, which could fairly be described as a gross mischaracterization of the likely outcome of the plea bargain. However, petitioner's counsel did not commit an error that would meet the standard set forth in *Iaea*. In that case, in addition to mischaracterizing the possible sentence resulting from a plea, counsel erroneously advised the defendant that he was "subject to Hawaii's minimum sentencing law" and that he "could escape the possibility of minimum sentencing only if he pled guilty." *Iaea*, 800 F.2d 864-65. This advice was contrary to the law, and the court held that it constituted deficient performance. In this case, petitioner alleges, in addition to his contention that the sentence prediction was wrong, only that counsel advised petitioner that he would have to testify at trial and would be discredited by his prior convictions, which would cause the jury to convict him. This advice was not clearly erroneous, as it did not incorrectly state the evidentiary rules regarding testimony, and it quite likely was sound advice. Since petitioner presents no evidence to the contrary, the court must indulge the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Wildman v. Johnson*, 261 F.3d 832, 838 (9th Cir. 2001).

In sum, petitioner has not established that his counsel's advice constituted deficient performance. He does not cite evidence to support his claim, nor do the facts as alleged establish that counsel's advice was deficient. Upon finding that petitioner cannot meet the deficient performance prong of the *Strickland* test, the court need not consider whether

---

his allegations in state court, nor has he shown that either of the two exceptions to the rule set out in section 2254(e)(2) apply to him, so he is not entitled to an evidentiary hearing here.

1 prejudice resulted. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).
2 Petitioner has failed to show that counsel was ineffective under *Strickland*, and therefore he
3 cannot establish his claim that counsel's performance rendered his plea unknowing or
4 involuntary. *See Hill*, 474 U.S. at 59-60. Accordingly, the state court's finding that the plea
5 was knowing and voluntary is not contrary to, or an unreasonable application of, federal law
6 and petitioner is not entitled to habeas relief on this claim.

   *2.   Ineffective Assistance of Counsel Regarding Prior Convictions*

8 Petitioner also claims that counsel provided ineffective assistance in his advice
9 regarding petitioner's prior convictions. To show ineffective assistance, petitioner must
10 establish the same two prongs of the *Strickland* test described above: deficient
11 performance that falls outside of the range of competence demanded in criminal cases, and
12 a prejudicial effect, such that absent the deficient advice petitioner would have gone to trial.
13 *Hill*, 474 U.S. at 58.

14 According to petitioner, counsel told him that his prior convictions could not be
15 challenged because the prosecutor did not have to prove the prior conviction. Petitioner
16 also claims that counsel failed to explain to him the process under state law by which the
17 trial judge could exercise his or her discretion in choosing to strike a prior conviction, known
18 as a *Romero* motion. As support for this claim, petitioner points to the record, which shows
19 that at the time of the nolo plea, petitioner did not know what a *Romero* motion was.[2] More
20 specifically, petitioner claims that counsel did not explain the bases upon which the judge
21 could choose to strike the prior convictions, or inform petitioner of his right to have
22 witnesses speak on his behalf. Petitioner claims that if he had been correctly informed of

---

[2] The record reflects the following exchange:
[Defense counsel]: Do you understand what a "Romero" is?
The Defendant: No.
[Defense counsel]: A Romero is a motion to have the Judge, in his discretion, strike one of your strikes. He has that power under the case law in California.
The Defendant: Okay.
[Prosecution]: Do you understand that there's been no promise that will happen?
The Defendant: Yes.
Ex. F at 8.

7

his rights regarding his prior convictions, he would not have pled no contest to them.

This claim suffers from the same lack of evidentiary support as the first. Petitioner offers no evidence that counsel misinformed him regarding the prosecution's burden of proof on prior convictions. The evidence that petitioner does provide indicates only that counsel had not explained the meaning of "*Romero* motion." It does not establish that petitioner was unaware of the process by which the judge might strike his prior convictions. In fact, in his petition, petitioner states that counsel "believed that since the prior conviction [occurred] so long ago, and since the judge had the authority to dismiss the prior conviction under *Romero*, it would be in petitioner's greatest interest to plead to the charges/prior conviction." Pet. at 5c. This statement indicates that counsel had described to petitioner at least some of his strategy regarding the *Romero* process. Petitioner has not established that counsel's performance was deficient.

Even if petitioner had sufficient evidence to establish that his counsel's advice was deficient, the record shows that he was made aware of his rights regarding his prior convictions before he pled no contest as to them. At the change of plea hearing, the judge told petitioner that, in pleading no contest to his prior convictions, he was giving up the same rights as he gave up in pleading no contest to the current charges, i.e. the rights to a trial, to confront witnesses, to testify and produce witnesses, and the right against self-incrimination. Ex. F at 4-5. Petitioner stated that he understood that he was giving up those rights. *Id.* at 6. In addition, the prosecution briefly explained the *Romero* process to petitioner and made clear that there was no guarantee that a *Romero* motion would be successful. *Id.* at 8. The record shows that petitioner was given all of this information before he pled no contest to his prior convictions.

Beyond a statement that he would have otherwise chosen to go to trial, petitioner also offers no evidence that he was prejudiced by counsel's advice. Petitioner carries the burden of showing that there is a reasonable probability that the plea process would have been different absent counsel's errors. *See Strickland*, 466 U.S. at 696. Given that petitioner was made aware of his rights before he pled no contest, the statement that he

would have otherwise proceeded to trial is not sufficient evidence to carry that burden. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) (rejecting "self serving" statement by petitioner that he was unaware of a potential death verdict as insufficient to establish the fact). Petitioner has not shown that there is a reasonable probability that, but for his counsel's errors, he would have insisted on going to trial, and therefore he has not established that his counsel's performance prejudiced him.

The state courts' denial of the claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority, and the claim does not warrant habeas relief.

### 3. Ineffective Assistance of Counsel Regarding Vicarious Arming

Petitioner's third claim is that counsel was ineffective for failing to inform him of the vicarious arming enhancement to which he pled, and that counsel's ineffective assistance thereby caused him to forego his right to a trial. This claim is also subject to the two *Strickland* prongs: deficient performance and prejudice.

To support his claim of deficient performance, petitioner cites counsel's admission in court that he did not explain the arming enhancement to petitioner: "[Defense counsel]: Judge, he [petitioner] has a problem with vicarious arming. I failed to tell him about that." While this evidence might be sufficient to establish deficient performance by counsel, petitioner does not demonstrate that counsel's failure was prejudicial. The record shows that after counsel admitted to his failure, the trial court proceeded to explain the charge to petitioner:

> THE COURT: Well, I can tell him that.
> [Defense counsel]: Yes.
> THE COURT: Under the law if a robbery is committed by one or more persons and one of the persons committing the robbery is armed with a firearm, that makes any other person who commits the robbery in conjunction with that person also liable for being armed with a firearm.
> THE DEFENDANT: Okay, Your Honor.
> THE COURT: Do you understand that?
> THE DEFENDANT: Yes.

Ex. F at 9-10. Since the conversation between petitioner and the trial judge preceded petitioner's no contest plea, petitioner was made aware of the arming enhancement despite

9

the failure by counsel. As a result, petitioner cannot show that there is a reasonable probability that, had counsel informed him of the exact charges, he would not have pled no contest. Therefore, petitioner's claim fails on the prejudice prong of the *Strickland* ineffective assistance of counsel test.

Since petitioner cannot establish prejudice, the claim fails under the *Strickland* test, and the court need not determine whether or not counsel's performance was deficient. *See Strickland*, 466 U.S. at 697. Therefore, the state court's denial of the claim was not contrary to, or an unreasonable application of, federal law and petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.03\ROUNDTREE151.RUL